UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMARI L. COLON | No.  2:25-cv-1329 AC P |
| Plaintiff, | |
| v. | ORDER |
| J. MCFADYN, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  He has also moved for appointment of counsel and requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis will be granted.[1]

////

////

---

[1]  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a), 1915(b)(1).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1

I.      Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel. ECF No. 5. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In support of his motion for the appointment of counsel, plaintiff cites his lack of knowledge of the law and lack of education. ECF No. 5. However, plaintiff's lack of education and legal expertise alone are insufficient to justify the appointment of counsel as these are circumstances common to most prisoners. Moreover, plaintiff's filings have demonstrated that he has the ability to clearly articulate his claims since, as set forth below, the court has found some of his claims to be cognizable. For these reasons, the court does not find the required exceptional circumstances at this time and plaintiff's request for the appointment of counsel will be denied.

II.     Complaint

A.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327. The

2

critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

B.      Factual Allegations of the Complaint

The complaint alleges that defendants McFadyen, Lopez, McTaggart, Cochran, Covello, Acevedo, Peterson, Melrose, Slavin, and Hobbs violated his rights under the First, Eighth, and Fourteenth Amendments. ECF No. 1.

Specifically, plaintiff alleges that on November 3, 2024, McFadyen, Lopez, and Peterson assaulted him after he verbally provoked McFadyen. Id. at 5-7, 14. Then, on December 17, 2024, Melrose notified plaintiff that he was plaintiff's staff assistant for a rules violation report (RVR) hearing that was going to take place later that same day. Id. at 8, 15. When plaintiff asked why he was not notified at least twenty-four hours prior to the hearing, Melrose responded that he did not know and had just been assigned. Id. at 8. Plaintiff was later escorted for the hearing where Cochran was the hearing officer. Id. When plaintiff advised Cochran that he had not received notice, Cochran responded that the system showed Acevedo had served him with an RVR packet on December 6, 2024, so the hearing would go forward. Id. During the hearing,

Cochran manipulated plaintiff into pleading guilty to assaulting an officer and refused to watch the surveillance video of the November 3, 2024 incident at the hearing, saying that he had already watched it. Id. at 9-10. Plaintiff was found guilty of two RVRs from the incident and lost 240 days of good time credit. Id. at 9. McTaggart, Hobbs, and Covello all signed off on the RVR. Id. at 10-11.

Finally, plaintiff alleges that after he was found guilty of the RVR, he told Slavin it would be an undue hardship for him to stay at Mule Creek State Prison (MCSP) and Slavin agreed, telling plaintiff it was unnecessary to file a grievance about transferring and that he would speak to Covello and Hobbs about the situation. Id. at 12, 16. When plaintiff realized he was not getting any help, he sent a Form 22 to Hobbs and Covello saying it would be a hardship to stay at MCSP. Id. at 12. Slavin got angry at plaintiff for going around him, and when plaintiff expressed enemy concerns at another prison and provided names, Slavin responded that he did not have them documented. Id. On a separate occasion, Slavin told plaintiff he had spoken to Covello and Hobbs and they determined it was not an undue hardship for plaintiff to remain at MCSP. Id. Plaintiff also appears to allege that there were issues with his mother's ability to get approved for visitation, which Slavin said he would handle and that it was unnecessary to file a grievance. Id. at 13. Plaintiff alleges that Covello and Hobbs were advised about plaintiff's enemy concerns and undue hardship and intentionally sent him to a prison far from his family where multiple murders occur regularly. Id. He appears to allege that this conduct was retaliatory. Id. at 16.

C.      Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated cognizable Eighth Amendment claims against defendants McFadyen, Lopez, and Peterson for excessive force. He has also stated due process claims under the Fourteenth Amendment against defendants Acevedo and Cochran based on Acevedo's failure to provide him with at least twenty-four hours written notice of his disciplinary charges and Cochran's decision to go forward with the hearing even after plaintiff advised him he had not received sufficient notice.

D.    Failure to State a Claim

However, the allegations in the complaint are not sufficient to state a due process claim against Cochran based on the refusal to watch the surveillance video in plaintiff's presence. Although prisoners have a due process right to submit evidence in their defense at a disciplinary hearing, the allegations show that Cochran watched the video prior to the hearing and considered that evidence. The complaint also fails to state any claim for relief against McTaggart, Covello, Melrose, Slavin, or Hobbs.

Plaintiff's only allegation against Melrose is that he did not provide plaintiff sufficient advance notice of his disciplinary hearing. However, he also alleges that Melrose did not have advance notice of the hearing and that Acevedo was the one responsible for providing the required notice. There are no facts demonstrating that Melrose was responsible for the failure to provide plaintiff sufficient notice, and plaintiff therefore fails to state a due process claim against him. With respect to defendants McTaggart, Covello, and Hobbs, it appears that these defendants were named based on their supervisory positions, as there are no facts demonstrating that they were involved in the alleged violations and plaintiff alleges only that they signed off on the RVR after the fact. Plaintiff's retaliation claim against Slavin, Hobbs, and Covello also fails, as he does not allege facts demonstrating that his transfer or the disregard for his unspecified undue hardship was motivated by his protected conduct. To the extent plaintiff alleges that he notified these defendants about his enemy concerns, it is unclear what conduct plaintiff is alleging defendants took or failed to take that violated his rights.

Because it appears to the court that plaintiff may be able to allege facts to fix these problems, he will be given the option of filing an amended complaint.

E.    Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendant McFadyen, Lopez, and Peterson on his Eighth Amendment excessive force claims and**

5

**against defendants Acevedo and Cochran on his Fourteenth Amendment due process claims based on their failure to provide sufficient advance notice of the disciplinary hearing. By choosing this option, plaintiff will be agreeing to voluntarily dismiss all other claims and defendants. The court will proceed to immediately serve the complaint and order a response from defendants McFadyen, Lopez, Peterson, Acevedo, and Cochran.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section II.D. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

III.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated claims for relief against defendants McFadyen, Lopez, and Peterson for excessive force and against Acevedo and Cochran for violating your due process rights.

You have a choice to make. You may either (1) proceed immediately on your excessive force claims against McFadyen, Lopez, and Peterson and your due process claims against Acevedo and Cochran based on insufficient notice and voluntarily dismiss the other claims; or (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's request for appointment of counsel (ECF No. 5) is DENIED.

4. The complaint does not state a due process claim against defendant Cochran based on his refusal to watch the surveillance video at the hearing and it does not state any claims for relief

against defendants McTaggart, Covello, Melrose, Slavin, or Hobbs.

5. Plaintiff has the option to proceed immediately on his Eighth Amendment excessive force claims against defendants McFadyen, Lopez, and Peterson and his Fourteenth Amendment due process claims against Acevedo and Cochran based on insufficient notice as set forth in Section II.C. above, or to file an amended complaint.

6. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

7. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendants McTaggart, Covello, Melrose, Slavin, and Hobbs and the due process claim against Cochran based on failure to watch the surveillance video.

DATED: March 31, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OMARI L. COLON,

           Plaintiff,

   v.

J. MCFADYEN, et al.,

           Defendants.

No.  2:25-cv-1329 AC P

NOTICE OF ELECTION

Check one:

_____ Plaintiff wants to proceed immediately on his his Eighth Amendment excessive force claims against defendants McFadyen, Lopez, and Peterson and his Fourteenth Amendment due process claims against Acevedo and Cochran based on insufficient notice without amending the complaint.  Plaintiff understands that by choosing this option, all claims against defendants McTaggart, Covello, Melrose, Slavin, and Hobbs and the due process claim against Cochran based on failure to watch the surveillance video will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

                                        _____
                                        Omari L. Colon
                                        Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.    Legal Standards Governing Substantive Claims for Relief

A.  Personal Involvement and Supervisory Liability

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the

1

deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In other words, to state a claim for relief under section 1983, plaintiff must link each individual defendant with some affirmative act or omission that shows a violation of plaintiff's federal rights.

Furthermore, "[t]here is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), which means that a supervisor cannot be held responsible for the conduct of his subordinates just because he is their supervisor. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.

### B.  Excessive Force

"[T]he Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive, the court looks to "[1] the extent of injury suffered by an inmate," as well as "[2] the need for application of force, [3] the relationship between that need and the amount of force used, [4] the threat 'reasonably perceived by the responsible officials,' and [5] 'any efforts made to temper the severity of a forceful response.'" Id. at 7 (quoting Whitley, 475 U.S. at 321). While a *de minimis* use of force does not violate the Eighth Amendment, a plaintiff does not have to suffer a serious injury to state a claim for relief. Wilkins v. Gaddy, 559 U.S. 34, 38 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

### C.  Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full

2

panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Rather, with respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (citation and internal quotation marks omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71.  A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

### D.  Retaliation

To state a claim for retaliation, a plaintiff must allege defendants (1) took adverse action against plaintiff (2) because of (3) plaintiff's protected conduct, and that the action (4) would chill an inmate of reasonable firmness from future protected conduct and (5) lacked a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

An adverse action is an act (or failure to act) by prison officials which causes harm, and "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out." Brodheim v. Cry, 584 F.3d 1262, 1269-70 (9th Cir. 2009) (emphasis in original).  To show defendants retaliated "because of" the plaintiff's actions, the plaintiff must show the defendants were motivated by his protected conduct.  See Crawford-El v. Britton, 523 U.S. 574, 592 (1998) (proof of defendant's general animosity toward plaintiff would not necessarily show her conduct was motivated by plaintiff's protected conduct).  Protected conduct refers to acts taken by the plaintiff that are protected by the First Amendment and may include lawsuits and grievances, as well as verbal complaints or threats to sue.  See Rhodes, 408 F.3d at 567 (prisoners have a First Amendment right to file prison grievances and pursue civil litigation); Shepard v. Quillen, 840 F.3d 686, 688 (9th Cir. 2016) (prisoners have "First Amendment right to report staff misconduct"); Jones v. Williams, 791 F.3d 1023, 1036 (9th Cir. 2015) (threats to sue constitute

protected conduct); Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) (form of complaint, including verbal, "is of no constitutional significance").